# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56362-2-II |
| Respondent, | |
| v. | |
| JOHN PHI TRUONG, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — John P. Truong appeals his sentence for unlawful possession of a controlled substance—methamphetamine with intent to deliver and the firearm sentencing enhancement, arguing that the trial court failed to meaningfully consider his youth, background, and rehabilitation in denying his request for an exceptional sentence downward or to run the firearm sentencing enhancement concurrently with the base sentence. Because the trial court did not abuse its discretion, we affirm.

## FACTS

In 2019, Truong was found guilty of first degree unlawful possession of a firearm and unlawful possession of a controlled substance—methamphetamine with intent to deliver, with a firearm sentencing enhancement. Truong was 26 years old at the time of the offenses. Following an appeal, this court affirmed Truong's convictions but remanded to the superior court for

No. 56362-2-II

resentencing. Order Granting Mot. for Recons. & Amending Unpublished Op. in Part, *State v. Truong*, No. 53203-4-II, at 2 (Wash. Ct. App. June 8, 2021) (unpublished).[1]

At resentencing, the State and Truong agreed that his amended offender score would be a 4 with a standard range of 68 months plus 1 day to 100 months for the unlawful possession of a controlled substance—methamphetamine with intent to deliver conviction. The unlawful possession of a controlled substance—methamphetamine with intent to deliver conviction also included a 36 month firearm sentencing enhancement. The State argued for a high end standard range sentence.

Truong provided evidence of the rehabilitative efforts he had made while in prison, including getting certified as a personal trainer and completing multiple programs such as substance abuse prevention and anger management. Truong requested a low end standard range sentence. Truong's attorney communicated Truong's request for the trial court to impose an exceptional sentence downward:

> Mr. Truong has made significant strides in his time in custody, and I think that had that information been known by the judge at the time of the initial sentencing, it would have had an impact on the sentence imposed. My client was wanting the Court to consider an exceptional sentence to the extent that it was allowable. I did some research at his request, and I'm informing the Court that that's something that he would request. There is some case law that specifically talks about running firearm enhancements consecutive—sorry, concurrent to each other. There's no case that really specifically states the Court has the authority to run it concurrent to the base sentence. He wanted me to make the request and I informed him that I would do so.

Verbatim Report of Proceedings (VRP) (Oct. 1, 2021) at 29. Truong also made a statement to the court in which he explained that he had a rough childhood which included foster care and early

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2053203-4-II%20Unpublished%20Opinion.pdf

exposure to drugs, violence, and crime. He also explained that he had made sincere efforts to prepare for getting out of prison and becoming a productive, law-abiding citizen.

The trial court imposed a low end standard range sentence of 70 months on the unlawful possession of a controlled substance—methamphetamine with intent to deliver conviction, along with a 36 month firearm sentencing enhancement to run consecutive to unlawful possession of a controlled substance—methamphetamine with intent to deliver standard range sentence. The trial court also imposed a standard range sentence of 36 months on the first degree unlawful possession of a firearm conviction to run concurrently with the unlawful possession of a controlled substance—methamphetamine with intent to deliver sentence. The trial court denied Truong's request for an exceptional downward sentence, ruling:

> I am going to respectfully deny the request for either an exceptional sentence downward or to run the firearm enhancement concurrent to the other time. I do not feel that: (1) it is appropriate given the underlying charges and scenario; and (2) that it legally is an outlet that I can—I can pursue at this point, given the circumstances in this case.

VRP (Oct. 1, 2021) at 39-40.

Truong appeals.

ANALYSIS

Truong argues that the trial court failed to meaningfully consider his request for an exceptional sentence downward. Truong also argues that recent changes in the law have overruled prior case law regarding imposition of firearm sentencing enhancements.

All defendants are entitled to ask sentencing courts for exceptional sentences and have the request actually considered. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). The trial court errs when it bases its decision on the "'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" *State*

*v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017) (alterations in original) (quoting *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

A.      MEANINGFUL CONSIDERATION OF YOUTHFULNESS

Truong argues that the trial court erred by failing to meaningfully consider his request for an exceptional sentence downward. We disagree.

Youth is a mitigating factor that can support an exceptional sentence below the standard sentencing range. *State v. O'Dell*, 183 Wn.2d 680, 696, 358 P.3d 359 (2015). Psychological and neurological studies show that there are "fundamental differences between adolescent and mature brains in the areas of risk and consequence assessment, impulse control, tendency toward antisocial behaviors, and susceptibility to peer pressure." *Id*. at 692 (footnotes omitted). Although a defendant does not need to present expert testimony that youth diminished culpability, there must be some evidence establishing the defendant's youthfulness and diminished culpability. *See Id*. at 697-98.

Here, Truong did not reference his youthfulness or lack of maturity in his request for an exceptional sentence. And the only possible reference to youthfulness or lack of maturity was a single reference to Truong's difficult childhood. Truong primarily focused on the rehabilitative efforts made while he was in prison. There was no evidence presented at all that would establish that, at the age of 26, Truong lacked maturity or had diminished culpability for his offense due to youthfulness. Because Truong did not present any evidence that youthfulness diminished culpability for his offense, the trial court did not err by failing to meaningfully consider an exceptional sentence downward based on Truong's youthfulness.

B.      FIREARM SENTENCING ENHANCEMENT

Truong also argues that the trial court erred by determining that it could not run the firearm sentencing enhancement concurrently with the base sentence. We disagree.

In *State v. Brown*, 139 Wn.2d 20, 28-29, 983 P.2d 608 (1999), *overruled in part by State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), our Supreme Court held that firearm and deadly weapon enhancements are mandatory and must be imposed consecutively. *Brown* establishes that the trial court did not have the authority to modify the firearm sentencing enhancement as Truong requested.

Although recent cases such as *Houston-Sconiers* have overruled *Brown* as it relates to juvenile defendants, *Brown* has not been overruled as it applies to adult offenders. *State v. Mandefero*, 14 Wn. App. 2d 825, 831-32, 473 P.3d 1239 (2020); *State v. Brown*, 13 Wn. App. 2d 288, 291, 466 P.3d 244, *review denied*, 196 Wn.2d 1013 (2020). And even assuming, without deciding, that *In re Pers. Restraint of Monschke*, overruled *Brown* as it relates to certain youthful offenders, the sentencing discretion established in *Monschke* does not extend to offenders over 20 years old. *See* 197 Wn.2d 305, 326, 482 P.3d 276 (2021) (mandatory life without parole sentences for aggravated first degree murder are unconstitutional when imposed on offenders 18, 19, or 20 years old without consideration of mitigating circumstances of youth); *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 78, 84, 514 P.3d 653 (2022) (declining to extend *Monschke* to a 21-year-old offender). Because Truong was 26 years old at the time of his offenses, any sentencing discretion to depart from *Brown* established by *Houston-Sconiers* and *Monschke* do not apply to him.

Truong's reliance on *McFarland* is also misplaced. Truong asserts that *McFarland* implicitly overruled *Brown*. However, *McFarland* applied to multiple convictions for firearm

*offenses*, not firearm sentencing *enhancements*. 189 Wn.2d at 53-54. And the court in *McFarland* explicitly distinguished between convictions for firearm offenses and firearm sentencing enhancements. *Id*. at 55. *McFarland* did not overrule *Brown* as it applies to adult offenders. *See State v. Wright*, 19 Wn. App. 2d 37, 52, 493 P.3d 1220 (2021) (holding the reasoning of *McFarland* does not extend to firearm sentencing enhancements and *Brown* remains good law), *review denied*, 199 Wn.2d 1001 (2022).

The trial court did not have the discretion to run Truong's firearm sentencing enhancement concurrent with the low end sentence for the unlawful possession of a controlled substance—methamphetamine with intent to deliver conviction. Therefore, the trial court did not err in denying Truong's request to run the firearm sentencing enhancement concurrent to the unlawful possession of a controlled substance—methamphetamine with intent to deliver sentence.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Veljacic, J.

Price. J.